IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.     Case No.     09-CR-2982 JC

JAMES OLIVER REESE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on *Defendant James Reese's Motion to Return Property* (Doc. 69), filed October 25, 2010 ("Motion"). Having reviewed the parties' submissions and being otherwise fully informed, the Court will DENY the Motion.

**I.     BACKGROUND**

In October 2009, Defendant was indicted on three charges relating to his possession of approximately 33 firearms in violation of a 2005 court order issued by the State of Hawaii. *Redacted Indictment* (Doc. 15), filed October 8, 2009. The charges were dismissed on January 15, 2010 pursuant to this Court's finding that the Hawaii Order—which purported to prohibit Defendant from possessing, controlling, or transferring ownership of any firearm, ammunition, firearm permit or license" for a term of 50 years—was unconstitutional as applied to Defendant. *Memo. Op. and Order* (Doc. 58), entered January 15, 2010. The United States appealed from the Court's Order dismissing the case. *Notice of Appeal* (Doc. 60), filed February 11, 2010.

On November 17, 2009, before the Court's order of dismissal, the United States filed a forfeiture action relating to all 33 firearms referenced in this matter, plus two additional firearms found in a safe at Defendant's place of business, including a double-barrel 12-gauge shotgun

with no markings that was sawed off to a barrel length of 15.5 inches. *Complaint* (Doc. 1), Case No. 10-CV-1095, filed November 17, 2009.

Thereafter, on March 2, 2010, the United States filed a separate forfeiture action directed at the sawed-off shotgun seized from the gun safe at Defendant's place of business. *Complaint* (Doc. 1), Case No. 10-CV-189.

On May 7, 2010, Defendant's attorney filed motions in both forfeiture actions seeking the return of the sawed off shotgun to and on behalf of Defendant's father, Oliver Reese. *Claimant Oliver Reese's Motion to Return Defendant Property to Claimant and to Dismiss This Action* (Doc. 22), Case No. 09-1095. *See also Motion* (Doc. 9), Case No. 10-CV-189. The United States opposes both motions. *United States' Response to Claimant Oliver Reese's Motion to Return Defendant Property to Claimant and to Dismiss This Action* (Doc. 29), Case No. 09-CV-1095, filed May 20, 2010. *See also* (Doc. 11), Case No. 10-CV-189, filed May 20, 2010. Magistrate Judge Gregory B. Wormuth of this Court presides over Case No. 09-CV-1095 and has not yet ruled on Claimant's Motion for Return of Property in that action. The Honorable James A. Parker of this Court denied Claimant's Motion for Return of Property in Case No. 10-CV-189 on the grounds that the Government was in the process of amending its Complaint in that action. *Order* (Doc. 16), Case No. 10-CV-189, filed June 7, 2010.

## II.     LEGAL STANDARD

"A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return." Fed.R.Crim.P. 41(g). "A district court should exercise its equitable power to grant relief only if the Rule 41(g) movant shows 'irreparable harm and an inadequate remedy at law.'" *United States v. Coperman*, 458 F.3d 1070, 1071 (10th Cir. 2006).

**III. DISCUSSION**

The existence of not one, but two civil forfeiture actions related to this matter demonstrates that an adequate remedy at law exists in which to contest the United States' continued custody of the firearms at issue. *United States v. Akers*, 215 F.3d 1089, 1106 (10th 2000) ("a forfeiture proceeding provides a defendant with an adequate remedy at law for resolving a claim to seized property). As the Tenth Circuit noted in *Akers*, there is no need to graft a Rule 41(g) procedure onto this criminal proceeding in order to assure the airing of any claims to the guns by Defendant Reese or his father, Claimant Oliver Reese. *Id.* Given that Claimant Oliver Reese has filed more or less identical Rule 41(g) motions in both forfeiture actions, the Court is further convinced it is unnecessary to entertain the instant Motion in order to assure the airing of his claims.

**IV. CONCLUSION**

Given the existence of two pending civil forfeiture actions regarding the firearms at issue, *Defendant James Reese's Motion to Return Property* (Doc. 69), filed October 25, 2010, is DENIED.

                                                        _____
                                                        SENIOR UNITED STATES DISTRICT JUDGE

Counsel for Plaintiff:

Louis E. Valencia, AUSA
Albuquerque, NM

Counsel for Defendant:

Robert Jason Bowles, Esq.
William C. Marchiondo, Esq.
Albuquerque, NM