IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                                                                                                                NO. 09-CR-2982 JEC

JAMES OLIVER REESE,

    Defendant.

**MEMORANDUM OPINION AND ORDER**

    THIS MATTER comes before the Court on *Defendant James Reese's Motion to Dismiss Counts IV, V, and VI of the Superceding Indictment [Doc.85]*, filed June 9, 2011 (Doc. 98) ("Motion"). The primary issue is whether Defendant Reese's 'no contest' plea to a felony offense in New Mexico state court, for which he received a deferred sentence resulting in an Order of Dismissal, constitutes a proper predicate conviction to form the basis of the felon-in-possession charges presently brought against him under 18 U.S.C. §§ 922(g)(1) and 924(a)(1). Having considered the Motion, the Government's Response (Doc. 100), the prevailing authority, and being otherwise fully advised, the Court finds that Reese has a prior felony conviction for purposes of the crimes charged in Counts IV, V, and VI of the Superceding Indictment (Doc. 84); the prior conviction is not time-barred under applicable federal law; and, where Defendant's civil rights were only partially restored by operation of New Mexico state law upon his successful completion of the deferment period and entry of the Order of Dismissal, he is not exempt from prosecution under the federal statute. For these reasons, Defendant's Motion will

be denied.

I.     **Background**

On July 1, 2009, the Bureau of Alcohol, Tobacco, Firearms and Explosives executed search warrants and seized thirty firearms from Defendant Reese's residence and office. On October 8, 2009, a federal grand jury indicted Reese on three counts of being a person subject to a restraining order in possession of firearms and ammunition in violation of 18 U.S.C. §§ 922(g)(8) and 924(a)(2). *See* Doc. 14. Reese moved to dismiss the Indictment, and the Court granted his motion after determining that 18 U.S.C. §(g)(8) was unconstitutional as applied to him. *See* Docs. 23, 56. On February 15, 2011, the Tenth Circuit Court of Appeals reversed this Court's dismissal of the Indictment and remanded the case back to this Court for further proceedings. *United States v. Reese*, 627 F.3d 792 (10th Cir. 2010).

On May 11, 2011, a grand jury indicted Reese on a 24-count Superceding Indictment, which added, *inter alia*, Counts IV, V and VI, charging Reese with being a person previously convicted of committing a crime punishable by more than one year in prison being in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(1). *See* Doc. 84. The felon-in-possession of firearms charges in Counts IV, V, and VI of the Superceding Indictment are predicated on a 1992 state court felony charge to which Reese pled 'no contest' and received a deferred sentence.

In particular, on April 10, 1991, Reese was indicted by a state grand jury in the Second Judicial District Court, State of New Mexico, on charges of Aggravated Assault (Deadly Weapon) (Firearms Enhancement), Aggravated Assault (Deadly Weapon), and Tampering with Evidence. *See* Government's Exhibit A, State of New Mexico Indictment. On January 17, 1992, Reese entered a plea of 'no contest' to the felony offense of Tampering with Evidence (Count

III).  *See* Govt's Exh. 2, Judgment and Order Deferring Sentence.  The state court Judgment and Order Deferring Sentence states, in relevant part, "[T]he Defendant having been convicted on January 17, 1992 pursuant to a NO CONTEST PLEA, accepted and recorded by the Court, of the offense of Tampering with Evidence, a felony offense, . . . .  The Defendant is hereby found and adjudged guilty and convicted of said crime . . . .  It is ordered that imposition of sentence be deferred . . . ."  *Id.*  On August 12, 1993, the state court entered an Order of Dismissal, stating that the 18-month period of deferment had expired on July 17, 1993 and that "Defendant is relieved of any obligations imposed on him . . . by said Order of the Court and has satisfied his . . . criminal liability for the crime, and pursuant to Section 31-20-9 N.M.S.A. 1978, this case is hereby dismissed . . . ."  Govt's Exh.  3, Order of Dismissal.

Reese presently seeks dismissal of the federal felon-in-possession charges found in Counts IV, V, and VI on the following grounds:  (1) the state felony conviction is too old to be a predicate offense under 18 U.S.C. § 922(g); (2) Reese no longer has a felony conviction because the New Mexico state court dismissed the case; (2) Reese's civil rights were automatically restored when he successfully completed the period of deferment and, therefore, he qualifies for the exception found at 18 U.S.C. §§ 921(a)(20) and has no prior felony as required for prosecution under 18 U.S.C. § 922(g).

**II.**     **Discussion**

    **A.**     **Neither the Date of Reese's Prior Felony Offense, the Fact that the State Court Imposed a Deferred Sentence, nor the Order of Dismissal Prevents the Federal Felon-in-Possession Prosecution Charges From Being Brought Against Reese Under §922(g)**

As Reese correctly identifies, the New Mexico state felon-in-possession statute requires, in pertinent part, that a predicate felony conviction be less than ten years old, and that the

3

offender not have received a deferred sentence. *See* NMSA § 30-7-16. Undoubtedly, then, Reese's prior felony offense would fall outside the scope of the New Mexico state felon-in-possession statute, were he presently charged thereunder.

The federal statute, however, on its face imposes no time lapse restriction, nor does it categorically exclude individuals who received deferred sentences and orders of dismissal. *See* 18 U.S.C. § 922(g)(1). The only limitation on predicate convictions contained in § 922(g)(1) itself is that they must be "punishable by imprisonment for a term exceeding one year," and in reference to that condition, § 921(a)(20) provides that "[w]hat constitutes a conviction shall be determined in accordance with the law of the jurisdiction in which the proceedings were held." This portion of the analysis, i.e. determining whether Reese has a felony conviction, is unconcerned with whether Reese may lawfully possess firearms under state law. *See United States v. Nix*, 438 F.3d 1284 (11th Cir. 2006) (although defendant was entitled to possess firearms under state law, it made no difference to the defendant's rights under the federal statute).

Under New Mexico law, the jurisdiction where Reese's prior felony proceedings were held, it is settled that a guilty plea is sufficient to establish a conviction, even where a defendant is never sentenced. *Padilla v. State*, 90 N.M. 664, 568 P.2d 190 (N.M. 1970) (". . . a 'conviction' refers to a finding of guilty and does not include the imposition of a sentence."). *See also United States v. Valerio*, 441 F.3d 837 (9th Cir 2006) (citing *Padilla* when holding that a prior New Mexico felony offense was a conviction for § 922(g) prosecution, where defendant had received deferred sentence and charges were ultimately dismissed). Accordingly, the Court determines that the Judgment and Order Deferring Sentence is sufficient to establish a felony conviction and said conviction is not stale for purposes of the federal statute.

**B.     Reese's Conviction Has Not Been Expunged or Set Aside, He Has Not Been Pardoned, and His Civil Rights Were Not Fully Restored by Operation of New Mexico State Law**

Section 921(a)(20) provides that certain convictions cannot serve as a predicate conviction for a § 922(g)(1) violation:

> Any conviction which has been expunged, or set aside or for which a person has been pardoned or has had civil rights restored shall not be considered a conviction for purposes of this chapter, unless such pardon, expungement, or restoration of civil rights expressly provides that the person may not ship, transport, possess, or receive firearms.

18 U.S.C. § 921(a)(20) (emphasis added).  When applying the exception found at § 921(a)(20), federal courts look to state law to determine if a defendant has a prior felony "and if so, whether his conviction has been set aside, expunged, or for which he has been pardoned or had his civil rights restored."  *United States v. Fisher*, 38 F.3d 1144, 1147 (10th Cir. 1994).  The Court has already determined that Reese has been convicted of a felony under state law and that his conviction was not set aside.  Further, the Court finds no evidence – or even a contention – that Reese's conviction was expunged or that he received a pardon from the governor.  The only remaining question is whether Reese's civil rights were restored.

Reese asserts that his civil rights were automatically restored when the state charges were dismissed pursuant to § 31-20-9 NMSA 1978.  Mot. at 3.  In support of his position, Reese relies on *United States v. Hall*, 20 F.3d 1066 (10th Cir. 1994), and a 1988 opinion from the New Mexico Attorney General determining that "firearm privileges [are] automatically restored pursuant to § 31-20-9 NMSA 1978 when a person successfully completes the period of a deferred sentence."  1988 Op. Atty. Gen. No. 88-3, 1988 N.M. AG LEXIS 4 ("AG Opinion").

However, to be valid for this Court's purposes, a restoration of civil rights must be substantial, meaning restoration of the fundamental right to vote, to serve on a jury, and to hold

5

elective or appointed public office. *United States v. Maines*, 20 F.3d 1102, 1104 (10th Cir. 1994) (agreeing with the Fifth and Sixth Circuits that (1) the right to vote; (2) the right to seek and hold public office; and (3) the right to serve on a jury are "the fundamental civil rights" for purposes of § 921(a)(20) restoration); *United States v. Flower*, 29 F.3d 530, 536 (10th Cir. 1994) ("we have held that the rights to vote, serve on a jury, and hold public office, as well as the right to possess firearms, must all be restored under 921(a)(20) before a prior conviction may be excluded on the basis of restoration of civil rights. . . ." (citing *United States v. Maines*, 20 F.3d at1104)).

Defendant's reliance on *United States V. Hall* is misplaced.  Further, the AG Opinion is not, by its nature, of precedential value and in this instance, it is at odds with the governing law. In *Hall*, the Tenth Circuit Court of Appeals determined an individual's prior felony could not serve as a predicate offense, because the defendant's civil rights had been sufficiently restored under the governing Colorado law.  The Tenth Circuit first determined that the governing Colorado state law "automatically invests the rights to vote, sit on a jury *and hold office* to persons provided that they are not incarcerated or on probation." *United States v. Hall*, 20 F.3d at 1069 (emphasis added).  The *Hall* court looked to the whole of Colorado law, evaluated the status of the defendant's federal firearms privileges by operation of that law, and determined that the state of Colorado had restored the defendant's civil rights and did not (at that time) expressly limit his firearms privileges.[1]

By contrast, New Mexico law does not automatically restore all of an individual's core civil rights.  Notably, an exception to the general prohibition on a felon's right to vote is

---

[1] Colorado subsequently amended its laws in 1993, making it a crime for any convicted felon to possess a firearm. Colo. Rev. Stat. § 18-12-108.

6

recognized where ". . . the person: (1) has completed the terms of suspended or deferred sentence . . . ." NMSA §31-13-1A. If, as Reese contends, restoration were automatic, it would have been unnecessary for the legislature to carve an exception to its general prohibition of a convicted felon's right to vote found. Moreover, New Mexico expressly prohibits a person convicted of a felony from holding public office, unless that person "...was granted a pardon or a certificate by the governor restoring the person's full rights of citizenship [pursuant to NMSA § 31-20-8]." NMSA § 31-13-1(E).

Because Reese's right to hold public office has not been restored under New Mexico law, the Court determines that Reese's civil rights have not been sufficiently restored to trigger the exception  conviction is not exempt from use as a predicate under §922(g)(1). *See United States v. Fischer*, 38 F.3d at 1147(Oklahoma law did not permit a felon to serve on a jury or hold public office for fifteen years following completion of sentence, so restoration was not automatic); *cf. United States v. Thomas*, 991 F.2d 206, 215 (5th Cir. 1993). Accordingly, restoration of civil rights provides no basis for dismissal of Counts IV, V, and VI of the Superceding Indictment.[2]

### III.   Conclusion

For the foregoing reasons, the Court determines that Defendant Reese has a prior felony conviction that constitutes a predicate offense for the felon-in-possession charges found in Counts IV, V, and VI of the Superceding Indictment. Accordingly, Reese's Motion will be

---

[2]Insofar as the AG Opinion advises a different outcome, the Court finds the Opinion at odds with the law articulated by the New Mexico Supreme Court in *Padilla v. State*, 568 P.2d at 192 ("[t]here is some merit to the contention that upon dismissal of criminal charges under the deferred sentence provision . . . there has been no prior conviction. However, this court in previous cases has determined that the contrary is true, holding that a 'conviction' refers to a finding of guilty and does not include the imposition of a sentence").

denied.

WHEREFORE,

**IT IS ORDERED** that *Defendant James Reese's Motion to Dismiss Counts IV, V, and VI of the Superceding Indictment [Doc.85]*, filed June 9, 2011 (Doc. 98) is **DENIED.**

Dated August 15, 2011.

_____
SENIOR UNITED STATES DISTRICT JUDGE